IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARGARITO ALTAMIRANO and  
MIRNA ALTAMIRANO,

      Plaintiffs,                    Civil Case No. 07-1198-KI

vs.                                  OPINION AND ORDER

GREENPOINT MORTGAGE FUNDING,  
INC., a California corporation,  
BRIDGEPORT LENDING, INC., a  
Washington corporation,

      Defendants.

      Hope A. Del Carlo  
      Oregon Law Center  
      921 SW Washington Street, Suite 516  
      Portland, Oregon  97205

      Mark E. Griffin  
      Griffin & McCandlish  
      215 SW Washington Street, Suite 202  
      Portland, Oregon  97202

            Attorneys for Plaintiffs

Susan T. Felstiner
Cable Huston Benedict Haagensen & Lloyd, LLP
1001 SW Fifth Avenue, Suite 2000
Portland, Oregon  97204-1136

Brian D. Chenoweth
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland , Oregon  97204

       Attorneys for Defendants

KING, Judge:

Plaintiffs reached a settlement in principle with defendant Greenpoint Mortgage Funding, Inc. in this fraud and Truth in Lending Act ("TILA") case concerning the refinancing of plaintiffs' home loan.  Plaintiffs and Greenpoint were unable to agree, however, on whether plaintiffs were entitled to an award of attorney fees under the TILA and asked me to decide the issue.  Before the court is Plaintiffs' Motion for Attorney Fees and Costs (#31).  Plaintiffs seek attorney fees in the amount of $9,316.57 and costs of $390.57.  For the reasons below, I award the amounts sought.

## DISCUSSION

The TILA provides for an award:

> in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1640(a)(3).

Greenpoint contends that plaintiffs are not entitled to attorney fees because this action was not required to determine that they had a right to rescission under the TILA.  Greenpoint

notes that it voluntarily offered to rescind the loans prior to plaintiffs amending the Complaint to add the rescission claim. According to Greenpoint, the entire action could have been avoided if plaintiffs had written a letter explaining their claims.

Plaintiffs argue that regardless of whether Greenpoint voluntarily complied with rescission, they pleaded TILA disclosure claims seeking actual damages against Greenpoint in the original Complaint and the Amended Complaint. Plaintiffs note that the TILA is a strict liability consumer protection statute which is designed to remedy abuses in the consumer credit system. The TILA does not require a pre-filing demand–an aggrieved party can proceed straight to court. According to plaintiffs, the rescission was a complicated settlement that required the attention of an attorney with mortgage-related skills. Thus, plaintiffs argue that the court should not cut off attorney fees at the time of Greenpoint's rescission offer.

A plaintiff prevailing in a TILA action through settlement retains his claim to fees. James v. Home Construction Co. of Mobile, 689 F.2d 1357, 1358 (11th Cir. 1982) (holding that TILA creates a right of action for attorneys to seek fee awards after settlement of their clients' claims), disagreement on other grounds noted by Evans v. Jeff D., 475 U.S. 717 (1986); Gram v. Bank of Louisiana, 691 F.2d 728, 729 (5th Cir. 1982) (TILA action may be successful and attorney fees may be awarded even though the action was settled and did not result in a final judgment finding a violation of the Act). I am aware that Zeisler v. Neese, 24 F.3d 1000, 1002 (7th Cir. 1994), disagrees with the James holding that the right to seek attorney fees belongs to the attorney and not the plaintiff. Zeisler, however, does not detract from the James and Gram holdings that attorney fees can be awarded to a TILA plaintiff who succeeds in a settlement rather than in a trial.

Page 3 - OPINION AND ORDER

Here, plaintiffs were able to rescind the transaction as a result of the TILA action. I see no merit to the argument that plaintiffs are not entitled to attorney fees because they did not plead a rescission claim until Greenpoint offered a rescission. The TILA does not require informal negotiations prior to filing suit. Moreover, under the case law, attorney fees can be awarded to plaintiffs who successfully settle as well as to those who prevail after trial. Thus, I conclude that plaintiffs are entitled to attorney fees.

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 4 - OPINION AND ORDER

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee.

I reviewed the attorneys' invoices and Greenpoint's specific objections to some of the time spent. I conclude that plaintiffs' attorneys did a reasonable job of striking out time spent solely on claims against the other defendant, Bridgeport Lending. There is no objection to the hourly rates and no objection to the costs sought. I find that the $9,316.57 is a reasonable attorney fee for prosecuting this action.

## CONCLUSION

Plaintiffs' Motion for Attorney Fees and Costs (#31) is granted–I award attorney fees in the amount of $9,316.57 and costs of $390.57.

IT IS SO ORDERED.

Dated this ____14th____ day of January, 2009.

     /s/ Garr M. King
     Garr M. King
     United States District Judge